FILED
JUL 18 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARK ANTHONY ORTEGA | § |
| Plaintiff, | § Case No. |
| v. | § SA25CA0864JKP |
| POWUR, PBC INC. D/B/A POWUR and JOSE DANIEL LAVEAGA | § § § |
| Defendants. | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

1. This action seeks statutory damages and injunctive relief to stop Defendants Powur, PBC Inc., doing business as Powur ("Powur"), and its agent Jose Daniel Laveaga ("Laveaga" or "Danny"), from orchestrating and conducting a persistent and unlawful telemarketing campaign that bombards Plaintiff Mark Anthony Ortega ("Plaintiff") with unsolicited, harassing telemarketing calls to market solar panels. The calls violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), and the Texas Business and Commerce Code, Chapters 302 and 305.

2. Despite Plaintiff's repeated and unequivocal requests to be placed on an internal do-not-call list, Defendants persisted in their unlawful telemarketing campaign. Defendants and their agents utilized deceptive practices, including the use of fictitious business names and spoofed telephone numbers, to conceal their identity and continue their unwanted solicitations. Defendants' conduct has caused Plaintiff harm, including the invasion of his privacy, aggravation, annoyance, depletion of his phone battery and time.

## BACKGROUND ON THE TCPA

3. Enacted in 1991 with bipartisan support, the TCPA aims to protect consumers from the nuisance and invasion of privacy caused by unsolicited telemarketing calls, reflecting

Congress's recognition of such calls as a "scourge of modern civilization." See 137 Cong. Rec. 30821 (1991).

4. Decades later, the TCPA remains a crucial safeguard against the ever-increasing volume of unwanted calls, which consistently rank among the top consumer complaints. *See Omnibus TCPA Order,* 30 FCC Rcd. 7961, 7964 (F.C.C. July 10, 2015*).* The TCPA remains a vital tool for combating these abuses, and its private right of action is essential to empower individuals to hold violators accountable.

5. The TCPA specifically prohibits the use of automated telephone dialing systems or pre-recorded voice messages to make telemarketing calls to cellular telephones without the prior express consent of the called party. Additionally, the TCPA strictly forbids telemarketing calls to numbers listed on the National Do Not Call Registry. These provisions are designed to protect consumers from the unique harms associated with these types of intrusive calls, including wasted time, invasion of privacy, and the potential for economic loss.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. *See Mims v. Arrow Fin. Servs., LLC,* 565 U.S. 368 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA). As this action involves alleged violations of the TCPA, a federal question is presented, thus conferring jurisdiction upon this Court.

7. Additionally, this Court has supplemental jurisdiction over the claims arising under Tex. Bus. & Com. Code § 302 and § 305. While the Texas Business and Commerce Code, Chapter 302 and 305, is a state law, it complements and supplements the federal TCPA by providing

additional protections to Texas residents against unwanted telemarketing calls. Under 28 U.S.C. § 1367, federal courts may exercise supplemental jurisdiction over state law claims that are so related to claims within the court's original jurisdiction that they form part of the same case or controversy.

8. In this instance, the claims under the Tex. Bus. & Com. Code § 302 and § 305, are intertwined with the TCPA claims, as they both arise from the same set of facts involving the Defendants' telemarketing calls to Plaintiff. The legal issues and factual questions involved in both sets of claims are closely related, and it would be efficient and convenient for the Court to address them together in a single proceeding. Therefore, the Court's supplemental jurisdiction is appropriate to encompass the claims arising under Tex. Bus. & Com. Code § 302 and § 305.

9. This Court has personal jurisdiction over Defendants as they purposefully directed their unlawful telemarketing activities at Texas and specifically at Plaintiff, who resides in this district. By soliciting business from Texas residents, Defendants purposefully availed themselves of the privilege of conducting activities within the State of Texas.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this action occurred within this district.

## PARTIES

11. Plaintiff Mark Anthony Ortega is a natural person who resided in San Antonio, Bexar County, Texas at all times relevant hereto.

12. Defendant Powur, PBC Inc. ("Powur") is a Delaware Benefit Corporation that is registered to do business in Texas and conducts business throughout the state. Powur may be served with process through its Texas registered agent, INCORP SERVICES, INC., at 815 Brazos St., Ste 500, Austin, TX 78701.

13. Defendant Jose Daniel Laveaga is an individual residing in Los Angeles, California. At all relevant times, Laveaga acted as an agent of Powur, placing telemarketing calls into Texas

on its behalf. Laveaga may be served with process at his residence located at 1423 Magnolia Ave, Apt 302, Los Angeles, California 90006, or wherever he may be found.

14. Defendants are both classified as a "person" as that term is defined by 47 U.S.C. § 153(39).

## FACTUAL BACKGROUND

15. On or about January 23, 2012, Plaintiff registered his cellular telephone number, 210-744-9663 ("Plaintiff's Number"), with the National Do Not Call Registry. Plaintiff has never de-listed this number.

16. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of Plaintiff's Number.

17. Plaintiff uses his cellular phone primarily for personal, residential, and household purposes.

18. Plaintiff's Number is designated for residential use, as it is assigned to a consumer telephone exchange service and is not assigned to a telephone exchange service designated for business use.

19. Plaintiff has never had any prior business relationship with Defendants, has never been a customer, and has never granted express written consent to Defendants or any entity acting on their behalf to receive telemarketing calls.

20. Starting on or around April 2025, Plaintiff began receiving numerous unsolicited telemarketing calls to Plaintiff's Number. The purpose of these calls was to generate leads for the sale of solar panel goods and services.

21. On multiple occasions prior to May 6, 2025, Plaintiff made clear and unequivocal requests to the callers to stop calling his number and to be placed on an internal do-not-call list.

22. As a direct result of Defendants' failure to honor his do-not-call requests and their continued use of deceptive tactics to conceal their identity, Plaintiff was forced to feign interest in their services for the sole purpose of identifying the true entity responsible for the unlawful calls.

23. On or about May 6, 2025, in furtherance of this effort, Plaintiff engaged with callers from spoofed numbers, including 210-333-3692 and 210-384-0838. The callers used the fictitious business name, "US Technologies" and provided a non-existent website address, www.ustechnologiessolar.com, when questioned about the company. This engagement resulted in a follow-up appointment being scheduled, which was necessary to uncover the caller's true identity.

24. On or around May 7, 2025, at approximately 3:04 PM, pursuant to the appointment scheduled the previous day, Plaintiff received a call from telephone number 323-376-2842. The caller identified himself as Defendant Jose Daniel Laveaga ("Laveaga" or "Danny") and his company as Defendant Powur, PBC Inc. ("Powur").

25. During the May 7, 2025 call, Defendant Laveaga admitted that the previous calls from the fictitious entity "US Technologies" were from Powur's "marketing team," thereby establishing a direct link between the deceptive preliminary calls and Defendants.

26. During the same call on May 7, 2025, Plaintiff made another clear and unequivocal request directly to Defendant Laveaga to be placed on Powur's internal do-not-call list.

27. Defendant Powur maintains published "Seller Policies and Procedures" that govern the conduct of its agents. Section 4.18.9 of these policies explicitly requires its sellers to "adhere to the Telephone Consumer Protection Act (TCPA) and must not solicit any person on the Federal Do Not Call (DNC) list." This policy demonstrates Powur's awareness of its obligations under the TCPA and its authority to control its sellers' conduct.

28. Defendants' actions of repeatedly calling Plaintiff's residential telephone number using deceptive tactics, and continuing to call after Plaintiff's do-not-call requests, were willful

and knowing violations that caused Plaintiff harm, including invasion of privacy, aggravation, annoyance, wasted time, anxiety, depletion of his cellular phone's battery life and intrusion upon seclusion.

## COUNT I
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c))

29. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 28.

30. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

31. At all relevant times mentioned herein, Plaintiff's cellular telephone number, (210) 744-9663, was and remains registered on the National Do-Not-Call Registry. Plaintiff's number had been on the Registry for more than 31 days prior to Defendants' calls.

32. Defendants, in violation of 47 U.S.C. § 227(c), initiated, or caused to be initiated, multiple telephone solicitations to Plaintiff's registered telephone number for the purpose of encouraging the purchase of solar panels.

33. Defendants did not have Plaintiff's prior express written consent to place these telemarketing calls, nor did they have an established business relationship that would exempt them from the TCPA's prohibitions.

34. The aforementioned violations were made willfully and knowingly. Defendants' knowledge is evidenced by their use of spoofed numbers and fictitious business names to conceal their identity, and by their own internal policies which demonstrate an awareness of their TCPA obligations.

6

35. As a direct and proximate result of Defendants' violations, Plaintiff is entitled to statutory damages of up to $500 for each and every call that violated the TCPA. Furthermore, because Defendants' violations were willful and knowing, Plaintiff is entitled to, and the Court has the discretion to award, treble damages against all Defendants, jointly and severally, up to $1,500 for each violation.

**COUNT II**
**Violation of the Telephone Consumer Protection Act**
**Failure to Honor Do-Not-Call Request**
**(47 C.F.R. § 64.1200(d))**

36. Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 28.

37. The TCPA and its accompanying regulations impose an affirmative obligation upon entities engaged in telemarketing to honor consumer requests to cease such solicitations. *See* 47 C.F.R. § 64.1200(d)(6).

38. Specifically, 47 C.F.R. § 64.1200(d)(6) requires a "person or entity making calls for telemarketing purposes" to "maintain a record of a consumer's request not to receive further telemarketing calls" and honor said request "for 5 years from the time the request is made."

39. As alleged herein, on multiple occasions on or around April 2025, Plaintiff made clear and unequivocal requests to Defendants' agents to stop calling his telephone number. Plaintiff made another such request directly to Defendant Laveaga during the call on May 7, 2025.

40. Despite these direct requests, Defendants failed to record and honor Plaintiff's do-not-call requests and continued to initiate or cause to be initiated telemarketing calls to Plaintiff's Number.

41. Defendants' failure to have procedures in place to honor do-not-call requests, and their subsequent calls to Plaintiff after he had instructed them to stop, constitute multiple, separate violations of 47 C.F.R. § 64.1200(d).

42. The aforementioned violations were made willfully and knowingly. Defendants' willful intent is evidenced by the pattern of continued calls after Plaintiff's repeated requests and their use of deceptive tactics to obscure their identity.

43. As a direct and proximate result of Defendants' violations, Plaintiff is entitled to statutory damages of up to $500 for each and every call that violated the TCPA. Furthermore, because Defendants' violations were willful and knowing, Plaintiff is entitled to, and the Court has the discretion to award, treble damages against all Defendants, jointly and severally, up to $1,500 for each violation.

## COUNT III
### Violation of the Texas Business and Commerce Code
### (Tex. Bus. & Com. Code § 302.101)

44. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 28.

45. Defendants engaged in "telephone solicitation" as defined by Tex. Bus. & Com. Code § 302.001(7), as their unsolicited calls to Plaintiff were made for the purpose of soliciting the sale of solar panel goods and services.

46. Tex. Bus. & Com. Code § 302.101 requires a person to register with the Texas Secretary of State before making telephone solicitations to a consumer in Texas.

47. A diligent search of the Texas Secretary of State's publicly available telemarketer database, conducted by Plaintiff on July 14, 2025, confirms that at the time of the calls, neither Defendant Powur, PBC Inc. nor Defendant Jose Daniel Laveaga held the required registration to legally engage in telemarketing in the State of Texas. (https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp)

48. Defendant Powur, PBC Inc. is directly liable for these violations. As the principal entity that directed, controlled, and financially benefited from the telemarketing campaign

targeting Texas consumers, Powur had a non-delegable duty to ensure its compliance with Texas registration laws, which it failed to do.

49. Defendant Jose Daniel Laveaga is individually liable for these violations. As the agent for Powur who personally placed telemarketing calls into Texas, he actively and directly participated in the unlawful, unregistered telemarketing activity. His failure to ensure he was acting in compliance with Texas law makes him personally responsible for his unlawful conduct.

50. As the principal directing the campaign and the agent executing it, Defendants Powur and Laveaga are jointly and severally liable for the damages and penalties arising from these violations.

51. Defendants' failure to register before placing telemarketing calls to Plaintiff constitutes multiple, separate violations of this chapter. Section 302.302(a) of the Texas Business and Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation.

52. Furthermore, § 302.302(d) provides that the party bringing the action is also entitled to recover all reasonable costs of prosecuting the action, including court costs, investigation costs, deposition expenses, witness fees, and attorney fees.

## COUNT IV
### Violation of the Texas Business and Commerce
(Tex. Bus. & Com. Code § 305)

53. Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 28.

54. Texas Business and Commerce Code § 305.053(a) explicitly provides a civil cause of action to any person who receives a communication that violates the federal Telephone Consumer Protection Act, 47 U.S.C. § 227. As previously alleged, Plaintiff's telephone number

has been registered on the national "do-not-call" registry since 2012, and it is therefore included on the Texas no-call list protected by this statute.

55. As alleged in detail in Counts I and II, Defendants violated 47 U.S.C. § 227 by initiating multiple telephone solicitations to Plaintiff's telephone number, despite the number being registered on the National Do Not Call Registry and by failing to honor Plaintiff's direct do-not-call requests.

56. Because Defendants' conduct violated 47 U.S.C. § 227, Plaintiff is entitled to bring this separate cause of action for those same violations under Texas state law.

57. Pursuant to Tex. Bus. & Com. Code § 305.053(b), Plaintiff is entitled to recover the greater of his actual damages or $500 for each and every violation.

58. Furthermore, because Defendants' violations were committed knowingly or intentionally, as evidenced by their pattern of repeated calls after Plaintiff's direct requests to stop, and their use of deceptive tactics including spoofed numbers and fictitious business names to evade identification, Plaintiff is entitled to an award of treble damages up to $1,500 for each violation, as permitted by Tex. Bus. & Com. Code § 305.053(c).

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court grant the following relief against Defendants, jointly and severally:

A. For Defendants' violations of the TCPA, 47 U.S.C. § 227(c), award Plaintiff statutory damages of $500.00 for each violation, and find that Defendants' conduct was willful and knowing, thereby trebling the damages to $1,500.00 for each and every violation;

B. For Defendants' violations of the Texas Business & Commerce Code § 302.101, award Plaintiff statutory damages of up to $5,000.00 for each and every violation;

C. For Defendants' violations of the Texas Business & Commercial Code § 305, award Plaintiff statutory damages of $500.00 for each violation, and find that Defendants' conduct was knowing or intentional, thereby increasing the damages to $1,500.00 for each and every violation;

D. Issue a permanent injunction prohibiting Defendants, their agents, and employees from placing any further telephone solicitations to Plaintiff in violation of the TCPA and the Texas Business and Commerce Code;

E. Award Plaintiff all reasonable attorneys' fees, witness fees, court costs, and other litigation expenses incurred by Plaintiff pursuant to Tex. Bus. & Com. Code § 302.302(d);

F. Award Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

G. Grant any other and further relief, both at law and in equity, that this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff, Mark Anthony Ortega, demands a jury trial in this case.

Dated: July 14, 2025

Respectfully submitted,

_____
Mark Anthony Ortega
Plaintiff, Pro Se
mortega@utexas.edu
PO Box 702099
San Antonio, TX 78270
210) 744-9663