**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

MARK ANTHONY ORTEGA,

    *Plaintiff*,

v.                                                    **Case No. 5:25-CV-0864-JKP**

POWUR, PBC,[1] d/b/a POWUR
and JOSE DANIEL LAVEAGA,

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

The Court has under consideration a Motion to Dismiss (ECF No. 10) filed by Defendant Powur, PBC ("Movant" or "Powur"). Movant seeks to dismiss Claims 1, 2, and 4 under Fed. R. Civ. P. 12(b)(6) and Claim 3 under Rule 12(b)(1). Alternatively, if the Court dismisses Claims 1 and 2, Movant asks the Court to decline supplemental jurisdiction over Claims 3 and 4. With Plaintiff's response (ECF No. 13) and Movant's reply (ECF No. 16), the motion is ripe for ruling. For the reasons that follow, the Court grants the motion.

## I. BACKGROUND[2]

Through his complaint, Plaintiff asserts claims for violations of (1) the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c); (2) 47 C.F.R. § 64.1200(d); (3) Tex. Bus. & Comm. Code § 302.101; and (4) Tex. Bus. & Comm. Code § 305. Compl. (ECF No. 1) ¶¶ 29–58. The basic facts are not in dispute.

---

[1] Through an amended complaint, ECF No. 22, Plaintiff recognized that Powur, PBC is the correct name for the entity defendant. At a hearing before the Magistrate Judge, the entity defendant agreed to the changed name. *See* Tr. (ECF No. 26) 10:4–12. **The Clerk of Court shall modify the docket to reflect the correct name of the entity defendant consistent with the filed amended complaint**. Although Plaintiff filed the amended complaint to make that change, no party indicates that the amendment moots or otherwise affects the motion to dismiss, even though both the motion and the amendment were discussed to some extent at the hearing. Because the amendment was intended to only change the name of the entity defendant, the Court will cite to the original complaint while treating the motion to dismiss as equally against the amended complaint.

[2] The operative pleading provides the background facts, which the Court views in the light most favorable to Plaintiff as required under Fed. R. Civ. P. 12(b)(6).

In January 2012, Plaintiff registered his cell number with the National Do-Not-Call Registry. *Id*. ¶ 15. In April 2025, Plaintiff received an unspecified number of phone calls from unnamed telemarketers regarding solar products. *Id*. ¶ 20. The calls persisted despite multiple requests for the callers to stop calling and to place his number on an internal do-not-call list. *Id*. ¶¶ 21–22. As a result, on or about May 6, 2025, Plaintiff feigned interest in offered services to obtain a scheduled appointment so that he could identify the entity behind the calls. *Id*. ¶ 22. During that call, the caller used a fictious business name, "US Technologies" and provided a nonexistent website address. *Id*.

On the date of the scheduled appointment, May 7, 2025, Plaintiff received a call from man who identified himself as Jose Daniel Laveaga and identified "his company as Defendant Powur, PBC Inc." *Id*. ¶ 24. During the call, "Laveaga admitted that the previous calls from the fictitious entity 'US Technologies' were from Powur's 'marketing team.'" *Id*. ¶ 25. While on that call, "Plaintiff made another clear and unequivocal request . . . to be placed on Powur's internal do-not-call list." *Id*. ¶ 26.

Based on these factual allegations, Plaintiff asserts two claims under federal law and two under Texas law. *See id*. ¶¶ 29–58. Powur moves to dismiss the claims asserted against it under Fed. R. Civ. P. 12(b)(1) and (6). Plaintiff opposes dismissal and Powur has filed a reply. The motion is ready for ruling. In general, a mixed Rule 12(b)(1) and (6) motion prompts initial consideration of Rule 12(b)(1) and its jurisdictional implications. But in this case, the Court begins with Rule 12(b)(6) because the invocation of Rule 12(b)(1) is contingent on dismissal of Claim 1 under Rule 12(b)(6).

## II. MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)

Powur argues that the Court should dismiss Claims 1, 2, and 4 for the failure of Plaintiff to state a claim upon which relief can be granted. With respect to Claims 1 and 2, it contends that

Plaintiff has failed to adequately allege that any caller before May 7, 2025, was its agent; thus, reducing the number of alleged violative calls to one and rendering the allegations insufficient to state a claim under 47 U.S.C. § 227(c) or 47 C.F.R. § 64.1200(d). As for Claim 4, it argues that the failure of Plaintiff to state a claim under Claims 1 or 2 renders him unable to state a claim under Texas Business and Commerce Code § 305.053.

## A. Applicable Legal Standard

Under Fed. R. Civ. P. 12(b)(6), litigants may move to dismiss asserted claims for "failure to state a claim for which relief can be granted." As required by Fed. R. Civ. P. 8(a)(2), every pleading that states a claim for relief must contain "a short and plain statement of the claim show-ing that the pleader is entitled to relief." Such requirement provides opposing parties "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

When ruling on a motion to dismiss, courts "accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff." *White v. U.S. Corr., LLC*, 996 F.3d 302, 306–07 (5th Cir. 2021). But courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (citations and internal quotation marks omitted). "And despite the natural focus on the allegations of the operative pleading, the party moving for dismissal under Rule 12(b)(6) has the burden to show that dismissal is warranted." *C.M. v. United States*, 672 F. Supp. 3d 288, 353 (W.D. Tex. 2023) (citation and internal quotation marks omitted).

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted). Nevertheless, plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555;

3

*accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Plaintiffs need not plead the legal basis for a claim, but they "must plead facts sufficient to show that [the] claim has substantive plausibility." *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). And they satisfy that standard when they allege "simply, concisely, and directly events" that are sufficient to inform the defendant of the "factual basis" of their claim. *Id*.

Facts alleged by the plaintiff must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

> To withstand a motion to dismiss under Rule 12(b)(6), a complaint must present enough facts to state a plausible claim to relief. A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must allow a reasonable inference that the plaintiff should prevail. Facts that only conceivably give rise to relief don't suffice. Thus, though [courts] generally take as true what a complaint alleges, [they] do not credit a complaint's legal conclusions or threadbare recitals of the elements of a cause of action.

*Smith v. Heap*, 31 F. 4th 905, 910 (5th Cir. 2022) (quoting *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1150 (5th Cir. 2021)). As *Twombly* states, to avoid dismissal under Rule 12(b)(6), plaintiffs must allege facts that "nudge" an asserted claim "across the line from conceivable to plausible." 550 U.S. at 570. The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *Id.* at 563 n.8. Further, determining plausibility is a "context-specific task," that courts perform in light of their "judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**B. Agency Allegations**

Powur argues that Claims 1 and 2 must be dismissed because Plaintiff does not adequately plead the existence of an agency relationship between it and anyone who called him before May 7, 2025. This is not the first time the Court has addressed agency concerns in a case brought by

Plaintiff. *See Ortega v. DiTommaso Inc.*, No. 5:24-CV-00369-JKP, 2025 WL 440278, at *5 (W.D. Tex. Feb. 6, 2025).

Plaintiffs suing under the TCPA and associated regulations may "allege either direct liability by showing that the defendant initiated the offending telemarketing calls, or vicarious liability by showing that an entity in an agency relationship with the defendant initiated the calls." *Id*. at *5. Direct liability is limited to circumstances where the defendant physically places the alleged violative telephone call. *See Cunningham v. Lifestyles Dev., LLC*, No. 4:19-CV-00006-ALM-CAN, 2019 WL 4282039, at *3–4 (E.D. Tex. Aug. 8, 2019) (recommendation of Mag. J.) *adopted by* 2019 WL 4277507 (E.D. Tex. Sept. 10, 2019). Because Plaintiff makes no allegation that Powur physically placed any call to him, except through an alleged agent, he proceeds under a vicarious liability theory as to Powur.

Establishing vicarious liability in this context requires courts to consider common law agency principles. *DiTommaso*, 2025 WL 440278, at *5. Under the common law, an agency relationship exists when alleged facts "indicate that the principal has control over the agent's acts." *Cunningham*, 2019 WL 4282039, at *4 (citation and internal quotation marks omitted). More directly, such "relationship exists where a principal manifests assent to an agent that the agent shall act on the principal's behalf and subject to the principal's control." *DiTommaso*, 2025 WL 440278, at *5 (cleaned up). Although multiple theories of agency may "support a claim for vicarious liability," i.e., actual or apparent authority or ratification, *Cunningham*, 2019 WL 4282039, at *4, Plaintiff does not specify his basis for holding Powur vicariously liable. Plaintiff's argument, and his entire case, hinges on the one reference to Mr. Laveaga's alleged statement on the May 7th call.

In *DiTommaso*, the Court found Plaintiff's agency allegations sufficient because the allegations gave rise to an inference of an agency relationship. *See* 2025 WL 440278, at *6. But the

5

facts alleged here are much different. Here, Plaintiff received multiple unspecified calls from un-named telemarketers regarding solar products prompting Plaintiff to make requests for them to stop calling and to place his number on an internal do-not-call list. When the calls persisted, he feigned interest in offered services on or about May 6, 2025, which resulted in an appointment for the next day. At that time, the caller used a fictious business name, "US Technologies" and provided a nonexistent website address. The next day, a man identified as Jose Daniel Laveaga called Plaintiff and identified "his company as Defendant Powur, PBC Inc." He admitted that the previous calls were from Powur's "marketing team."

Conspicuously absent from these allegations is any direct connection between Powur and the prior calls other than the marketing team comment. The Court can accept that Mr. Laveaga is an agent of Powur even though he misidentified the correct name for Powur on the phone call. Plaintiff asks the Court to make the leap that the marketing team is an agent of Powur. Plaintiff simply does not provide sufficient factual information to allow the Court to infer an agency relationship between Powur and the marketing team. The Court understands the Federal Communications Commission ("FCC") stresses that consumers may not have certain information regarding principal-agent or seller-third party-marketer relationships at the time they file their complaints.[3] Although the Court appreciates the FCC's guidance regarding information known by plaintiffs at the time they file their complaints concerning agency relationships, Plaintiff's single reference to Powur's marketing team making the calls before May 7th is not enough to properly allege a principal-agent relationship between Powur and the marketing team. In this case, Plaintiff's allegations are insufficient under any theory.

"Agency is typically a factual issue, with the plaintiff at the pleading stage only required to allege a factual basis that gives rise to the inference of an agency relationship using generalized

---

[3] *In re Joint Petition filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6593 (2013).

as opposed to evidentiary facts." *Horton v. MultiPlan Inc.*, No. 3:23-CV-02098, 2024 WL 3380236 at \*5 (N.D. Tex. June 7, 2024) (recommendation of Mag. J.) *accepted by* 2024 WL 3378719 (N.D. Tex. July 11, 2024).

With respect to Claims 1, 2, and 4, Defendant contends Plaintiff has failed to adequately allege that any caller before May 7, 2025, was its agent; thus, reducing the number of alleged violative calls to one and rendering the allegations insufficient to state a claim under 47 U.S.C. § 227(c) or 47 C.F.R. § 64.1200(d). The Court agrees and finds Claims 1 and 2 subject to dismissal under Rule 12(b)(6). Because a violation of Tex. Bus. & Comm. Code § 305 depends on a violation of 47 U.S.C. § 227, Plaintiff's allegations are likewise insufficient to state a claim under § 305. Therefore, such claim is also subject to dismissal under Rule 12(b)(6).

### III. MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1)

**A. General Jurisdictional Principles**

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). As explained earlier, this case differs because the jurisdictional attack concerning Claim 3 is contingent on Claim 1 being dismissed under Rule 12(b)(6).

Courts have "the power to dismiss for lack of subject matter jurisdiction based on any one

of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)); *accord Flores v. Pompeo*, 936 F.3d 273, 276 (5th Cir. 2019); *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009). When determining issues of subject matter jurisdiction, the courts "may consider outside matter attached to a motion to dismiss without first converting it into a motion for summary judgment." *State of Ala. ex rel. Baxley v. Woody*, 473 F.2d 10, 12 (5th Cir. 1973).

The Fifth Circuit has long distinguished between "facial" and "factual" jurisdictional attacks. *See Superior MRI Servs., Inc. v. Alliance Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). "An attack is 'factual' rather than 'facial' if the defendant 'submits affidavits, testimony, or other evidentiary materials.'" *Id.* When faced with a factual jurisdictional attack, "a plaintiff 'must prove the existence of subject-matter jurisdiction by a preponderance of the evidence' and is 'obliged to submit facts through some evidentiary method to sustain his burden of proof.'" *Id.* (quoting *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989) (internal quotation marks and footnotes omitted), *aff'd sub nom.*, *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990)).

For factual attacks, "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413 (quoting *Mortensen v. First Fed. Sav. & Loan Assoc.*, 549 F.2d 884, 891 (3rd Cir. 1977)). On the other hand, a facial attack requires the courts to "consider the allegations of the complaint as true." *Id*. "Regardless of the nature of the attack, the plaintiff seeking a federal forum 'constantly bears the burden of proof that jurisdiction does in fact exist.'" *Chandler v. United States*, 338 F. Supp. 3d 592, 599 (N.D. Tex. 2018)

8

(quoting *Ramming*, 281 F.3d at 161).

Here, Powur makes a facial attack. Accepting the allegations of the complaint as true and based on the Court's determination that Plaintiff failed to plausibly allege an agency relationship between Powur and the marketing team for the calls made prior to May 7, 2025, Plaintiff does not have standing to challenge the May 7th call because he consented to or solicited the call. Therefore, the Court will dismiss Claim 3 under Rule 12(b)(1).

### IV. LEAVE TO AMEND

In general, courts should provide pro se litigants an opportunity to amend before dismissing a complaint. *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (per curiam). Leave to amend is not required, however, when plaintiffs have already pled their "best case." *Id*. at 768. Whether to grant leave to amend is within the Court's sound discretion. *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003).

According to Powur's certificate of compliance, it complied with this Court's standing order and Plaintiff did not file anything to amend his complaint before Powur filed its motion to dismiss. *See* ECF No. 10 at 1. The Court's Standing Order is intended to advance cases efficiently and to minimize the cost of litigation. *See* ECF No. 3 at 1. Through this Standing Order, "the Plaintiff has already been provided notice of the proposed deficiencies and the opportunity to amend the pleading prior to the filing of a Motion to Dismiss." *Id*. Thus, "if the Court finds any Motion to Dismiss has merit, the Plaintiff shall not be allowed an additional opportunity to amend its Complaint following a properly filed Motion to Dismiss." *Id*. at 1-2 (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 567 (5th Cir. 2002)).

Although Powur complied with this Court's standing order, Plaintiff chose to stand by his original complaint rather than addressing any noted deficiency. While Plaintiff filed an amended complaint

9

after the filing of the instant motion to dismiss, he did so only to correct the name of the entity defendant. Nevertheless, the final sentence of his response to the motion to dismiss requests leave to amend "should the Court finds any deficiency in the Complaint." ECF No. 13 at 12. But Plaintiff provides no basis to believe that he has not stated his best case. Nor does the current request provide any reason why the procedure applied through the Court's standing order failed to provide an adequate opportunity to present his best case.

Based upon all the foregoing, the Court finds that Plaintiff has had an adequate opportunity to state his best case and thus declines to exercise its discretion to permit the filing of another amended complaint.

## V. NON-MOVANT DEFENDANT

Plaintiff has sued two defendants in this case. As found above, Plaintiff has failed to state a claim against Defendant Powur through Claims 1, 2, or 4, and Plaintiff lacks standing to pursue Claim 3. Consequently, this entire case is subject to dismissal as to Defendant Powur. However, the individual defendant, Jose Daniel Laveaga, has not appeared in this case and is in default. *See* ECF No. 15. Naturally, as a defaulting party, he has not moved for dismissal.

Nevertheless, entry of default does not of itself "preclude a party from challenging the sufficiency of the complaint." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam) (parenthetically quoting *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994)). Moreover, courts do not enter default judgment unless there is "a sufficient basis in the pleading for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). And although the individual defendant has not appeared to litigate this case, if a defending party, such as Defendant Powur, establishes that the plaintiff has no viable claim, such "defense generally inures to the benefit of a defaulting defendant," *see Lewis*, 236 F.3d at 768 (citation omitted).

Because the rulings in this case inure to the benefit of the nonmovant defendant, the Court intends to dismiss all claims against both defendants and to grant judgment for all defendants, even

the defaulting defendant who has not moved for dismissal. In the context of summary judgment, the Federal Rules of Civil Procedure specifically contemplate complete dismissal under similar facts after the Court provides all parties with notice and an opportunity to respond. *See* Fed. R. Civ. P. 56(f). Although Rule 56(f) does not apply in this procedural posture, Plaintiff has no apparent viable pathway to success on his claims whether against Powur or its agent, Jose Daniel Laveaga, who is in default. In an abundance of caution, the Court accords Plaintiff an opportunity to show why this case should continue to proceed against the individual defendant.

Unless Plaintiff provides a valid reason **on or before March 27, 2026**, as to why the Court should not dismiss all claims against both defendants, the Court will issue a final judgment pursuant to Fed. R. Civ. P. 58 as to all claims and both defendants. For the reasons stated above, the Court will not entertain another request to amend the complaint.

## VI. CONCLUSION

For the foregoing reasons the Court **GRANTS** the Motion to Dismiss (ECF No. 10). As stated in the preceding paragraph, the Court intends to enter final judgment against all defendants unless Plaintiff provides a valid reason for this case proceeding against the defaulting defendant.

**SIGNED this 13th day of March 2026.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**