**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**MARK ANTHONY ORTEGA,**

***Plaintiff*,**

**v.** **Case No. 5:25-CV-0864-JKP**

**POWUR, PBC,[1] d/b/a POWUR**
**and JOSE DANIEL LAVEAGA,**

***Defendants*.**

**ORDER DENYING RECONSIDERATION**

The Court has under consideration a *Motion to Reconsider* (ECF No. 32) filed by Plaintiff. Pursuant to Fed. R. Civ. P. 54(b), Plaintiff requests that the Court reconsider its March 13, 2026 Memorandum Opinion and Order (ECF No. 29) dismissing Defendant Powur, PBC ("Powur" or "Defendant"). Plaintiff also seeks leave to amend under Rule 15(a)(2). Defendant responded to the motion (ECF No. 33) and Plaintiff replied (ECF No. 34). The motion is ripe for ruling.

**A. Legal Standard**

Plaintiff invokes Fed. R. Civ. P. 54(b), which applies when a party seeks reconsideration of an interlocutory order. *See McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018) (recognizing the applicability of Rule 54(b)); *Austin v. Kroger Tex., LP*, 864 F.3d 326, 336 (5th Cir. 2017) (per curiam) (clarifying relationship between Rule 54(b) and 59(e)).

Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all of the claims." Through "Rule 54(b),

[1] Through an amended complaint, ECF No. 22, Plaintiff recognized that Powur, PBC is the correct name for the entity defendant. In a prior order, the Court directed the Clerk of Court to modify the docket to reflect the correct name.

the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin*, 864 F.3d at 336 (citation and internal quotation marks omitted). Applying "the more flexible Rule 54(b)" standard, provides broader discretion for the courts to reconsider their interlocutory orders. *Id*. at 337. The more flexible approach reflects the "inherent power" of the "court to afford such relief from interlocutory judgments as justice requires." *Id*. (quoting *Cobell v. Jewell*, 802 F.3d 12, 25 (D.C. Cir. 2015)).

So long as courts "recognize that they have the discretion to grant reconsideration even in the absence of any such showing," the flexible approach permits them to "require a showing of one of the following factors to justify reconsideration: an intervening change in law; availability of previously unavailable new evidence; or a need to correct a clear legal error or to prevent manifest injustice." *S.L.V. v. Rosen*, No. SA-21-CV-0017-JKP, 2021 WL 243442, at *5 (W.D. Tex. Jan. 25, 2021) (second quote from *Gonzalez ex rel. E.G. v. Bond*, No. 1:16-CV-0068-BL, 2017 WL 3493124, at *7 (N.D. Tex. June 29, 2017) (recommendation of Mag. J.) *adopted by* 2017 WL 3491853 (N.D. Tex. Aug. 14, 2017)). In many circumstances, the absence of such showing would exhibit no injustice to denying reconsideration. But in all cases, the critical consideration for reconsidering an interlocutory order under Rule 54(b) is whether justice requires relief from such order. *See Austin*, 864 F.3d at 337.

**B. Amendment of Pleadings**

"When a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings." *Tex. Indigenous Council v. Simpkins*, 544 F. App'x 418, 420 (5th Cir. 2013). Rule 15(a) governs a party's request to amend a pleading filed before the passing of the Scheduling Order deadline to do so. *See id.*; Fed. R. Civ. P. 15(a). When a party seeks leave to amend a pleading after expiration of the Scheduling Order deadline,

granting the motion requires modification of the Court's Scheduling Order. *See Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). Consequently, once the deadline passes, the motion for leave to amend is governed by Rule 16(b)(4), which provides a Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 868 (5th Cir. 2010).

A district court has "broad discretion to preserve the integrity and purpose of the pretrial order." *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). Thus, to demonstrate good cause to modify the Scheduling Order, the movant must show it could not reasonably meet the Scheduling Order deadline it requests be modified despite its exercise of diligence. *Id.*; *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003). To determine whether good cause exists to modify the Scheduling Order deadline to amend pleadings, a court must consider four factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters.*, 315 F.3d at 636 (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). "The court considers the four factors holistically and does not mechanically count the number of factors that favor each side." *Sun River Energy, Inc. v. McMillan*, No. 3:13-CV-2456-D, 2014 WL 4771852, at *4 (N.D. Tex. Sept. 25, 2014).

Only after the movant demonstrates good cause to modify the Scheduling Order under Rule 16(b)(4) does "the more liberal standard" of Rule 15(a) apply to a party's request for leave to amend the complaint. *S&W Enters.*, 315 F.3d at 535; *La Liga League, LLC v. U90C Mgmt. Group, LLC*, 4:20-CV-00726, 2021 WL 1377263, at *1–2 (E.D. Tex. Apr. 12, 2021). Leave to amend under Rule 15 should be given "freely . . . when justice so requires." Fed. R. Civ. P 15(a)(2). In exercising its discretion under Rule 15(a) with regard to a request for leave to amend, the district

court considers such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, and futility of amendment." *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018).

**C. Discussion/Analysis**

Plaintiff filed his original complaint on July 18, 2025. ECF No. 1. The Court's Standing Order for Motions to Dismiss requires a party to contact the opposing party to identify alleged pleading deficiencies before filing a Rule 12(b)(6) motion. *See* ECF No. 3. On August 6, 2025, counsel for Powur emailed Plaintiff to identify alleged deficiencies in his complaint. ECF No. 10 ¶ 2. In response, Plaintiff declined to amend his complaint. *Id*. On August 13, 2025, counsel for Powur emailed Plaintiff regarding alleged pleading deficiencies concerning count three of Plaintiff's complaint (engaging in telephone solicitation in violation of Texas Business and Commerce Code § 302.101) and a potential challenge under Rule 12(b)(1). *Id*. ¶ 3. On August 14, 2025, Plaintiff again declined to amend his complaint. *Id*. On October 28, 2025, Plaintiff amended his complaint to correct Powur's name. ECF No. 22. That same day, the Magistrate Judge entered a scheduling order establishing deadlines for the case. ECF No. 24. The deadline to file a motion leave to amend pleadings was January 28, 2026. *Id*. ¶ 3. Plaintiff did not file a motion for leave to amend by the stated deadline.

As explained above, because the scheduling order deadline has passed, Rule 16's standard governs this stage of the case. Plaintiff has not provided a valid explanation for the failure to timely move for leave to amend, the prejudice Powur would experience in allowing the amendment, and how an opportunity to amend would cure such prejudice. Even if the Court looked past Plaintiff's failure to amend pursuant to the Court's standing order, he amended his complaint after Powur filed its motion to dismiss to correct the Powur's name. The Court would typically deny a motion

to dismiss without prejudice to refile when a plaintiff makes substantive amendments to a complaint. Because Plaintiff only corrected Powur's name, the Court considered the merits of the original motion to dismiss. Notwithstanding Plaintiff's amendment to correct Defendant's name, he still had an opportunity to seek leave to amend his complaint to make substantive changes prior to the scheduling order deadline.

Plaintiff contends that because he did not have the benefit of discovery, and he recently obtained documentary evidence to cure "every pleading deficiency identified by the Court," he should be allowed to amend his complaint. ECF No. 32 at 1. Defendant points out that Plaintiff served interrogatories, requests for production, and requests for admissions on November 1, 2025. ECF No. 33 at 4 n.1. It contends it timely responded to Plaintiff's discovery on December 15, 2025. *Id*. Plaintiff has not disputed Defendant's contention in his briefing. But he contends that he now has information from Powur's corporate website that connects Powur to Danny Laveaga. ECF No. 2. Plaintiff attached Powur's corporate policy manual to his proposed second amended complaint. *Id*. Powur responds that its corporate webpage identifying Mr. Laveaga was active prior to Plaintiff filing his original complaint. ECF No. 33 ¶ 24. Powur also points out that Plaintiff cited and quoted from its policies and procedures in his original and [first] amended complaints. *Id*. ¶ 25. Powur contends, and Plaintiff does not dispute, that Powur's policies and procedures are publicly available. *Id*. ¶ 26.

Plaintiff's fundamental problem in this case is that he has not plausibly alleged that the unidentified telemarketers are Powur's agents. Plaintiff's information, whether or not newly discovered, does not contain the necessary factual information which would allow the Court to infer an agency relationship between Powur and the unidentified marketing team.

Plaintiff has not demonstrated that justice requires relief from the order granting Powur's motion to dismiss. The Court sees no injustice to such ruling that must be remedied on

reconsideration.

For the forgoing reasons, the Court **DENIES** the *Motion to Reconsider* (ECF No. 32) filed by Plaintiff under Fed. R. Civ. P. 54(b).

**IT IS SO ORDERED this 20th day of October 2026.**

Jason Pulliam

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**