UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**MARK ANTHONY ORTEGA,**

***Plaintiff,***

**v.** **Case No. 5:25-CV-00864-JKP**

**POWUR, PBC and**
**JOSE DANIEL LAVEAGA,**

***Defendants.***

# MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Default Judgment Against Defendant Jose Daniel Laveaga (ECF No. 35). No response was filed. Upon consideration, the motion is **DENIED**. Furthermore, the Court *sua sponte* dismisses all claims brought against the defaulting defendant Jose Daniel Laveaga.

## I. BACKGROUND[1]

This case arises out of unauthorized telephonic communications Plaintiff Mark Ortega alleges receiving from an entity defendant, Powur, PBC ("Powur"), and an individual defendant, Jose Daniel Laveaga, after registering his cell phone number with the National Do-Not-Call Registry in January 2012. ECF No. 1; ECF No. 22. Specifically, in April 2025, Plaintiff received an unspecified number of phone calls from unnamed telemarketers regarding solar products. ECF No. 22 ¶ 20. He asked the callers to stop calling him and to place him on an internal do-not-call list. *Id.* ¶ 21. When the calls nevertheless persisted, Plaintiff decided to "feign interest" in the offered products so that he could identify the entity behind the unauthorized calls. *Id.* ¶ 22.

[1] The background facts are drawn from the well-pleaded factual allegations in Plaintiff's operative complaint, which the Court deems admitted by the defaulting defendant.

During a call on or about May 6, 2025, the caller used a fictious business name, "US Technologies," and provided a nonexistent website address. *Id.* ¶ 23. Plaintiff scheduled a follow-up call, "which was necessary to uncover the caller's true identity." *Id*. During the follow-up call on May 7, 2025, the caller identified himself as a man named Jose Daniel Laveaga and identified "his company as Defendant Powur, PBC Inc." *Id.* ¶ 24. Laveaga stated that the previous calls from "US Technologies" were from Powur's "marketing team." *Id.* ¶ 25. Plaintiff repeated his request to be placed on an internal do-not-call list. *Id.* ¶ 26.

Plaintiff filed his Original Complaint on July 18, 2025. ECF No. 1. Based on the factual allegations outlined above, Plaintiff claimed that Powur and Laveaga both violated (1) the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c); (2) 47 C.F.R. § 64.1200(d); (3) Tex. Bus. & Com. Code § 302.101; and (4) Tex. Bus. & Com. Code § 305. *Id.* ¶¶ 29–58. For relief, Plaintiff requested (1) $1,500 for each violation of 47 U.S.C. § 227(c); (2) $5,000 for each violation of Tex. Bus. & Com. Code § 302.101; (3) $1,500 for each violation of Tex. Bus. & Com. Code § 305; (4) a permanent injunction prohibiting "Defendants, their agents, and employees" from placing unlawful telephone solicitations; (5) reasonable fees and costs under Tex. Bus. & Com. Code § 302.302(d); and (6) pre-judgment and post-judgment interest. *Id.* at 10–11. Copies of the Original Complaint and summonses were served on both Defendants on July 30, 2025. ECF Nos. 8, 9.

The entity defendant, Powur, responded by filing a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and (6). ECF No. 10. Before the Court ruled on Powur's motion, Plaintiff filed an amended complaint, which was intended only to correct the name of the entity defendant. The Amended Complaint (ECF No. 22) does not assert any new claims or allegations and requests identical forms of relief. The Court ultimately granted Powur's motion and dismissed each of

Plaintiff's claims against the entity defendant. ECF No. 29. The Court dismissed Plaintiff's claims under 47 U.S.C. § 227(c), 47 C.F.R. § 64.1200(d), and Tex. Bus. & Com. Code § 305 because Plaintiff did not plausibly allege that any call before May 7, 2025, was made by Powur's agent. *Id.* at 7. Thus, the allegations demonstrate, at most, one violative phone call attributable to Powur, which is insufficient to establish liability under those provisions. *Id.* Finally, the Court dismissed Plaintiff's claim under Tex. Bus. & Com. Code § 302.101 pursuant to Fed. R. Civ. P. 12(b)(1) for lack of standing, based on Plaintiff's allegations demonstrating that he consented to or solicited the phone call on May 7, 2025. *Id.* at 9.

The individual defendant, Laveaga, never answered or otherwise responded to Plaintiff's original or amended complaint, and, to date, has not appeared in this action. Plaintiff moved for entry of default against Laveaga on August 25, 2025; the Clerk of Court entered default on the same day. ECF Nos. 14, 15. However, when granting the motion to dismiss filed by Powur, the Court recognized that the rulings on the motion could inure to the benefit of Laveaga and ordered Plaintiff to show why this case should continue to proceed against the individual defendant. ECF No. 29 at 10–11. After receiving Plaintiff's response (ECF No. 30), the Court determined that his arguments for why he may still proceed against the defaulting defendant would be more appropriately considered in connection with a motion for default judgment, should Plaintiff choose to file one. ECF No. 31.

Plaintiff has now filed his motion asking that the Court enter default judgment against Laveaga, to which Laveaga has not responded. ECF No. 35. Plaintiff requests $180,500 in statutory damages, a permanent injunction enjoining Laveaga "and those acting in concert with him" from

placing any further solicitations to Plaintiff, reasonable costs under Tex. Bus. & Com. Code § 302.302(d), and post-judgment interest pursuant to 28 U.S.C. § 1961. *Id.* at 16.

## II. LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure provides the conditions upon which a default may be entered against a party, as well as the procedure to seek the entry of default judgment. A movant must satisfy three procedural requisites to secure a default judgment. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a party must properly serve the defendant, and default occurs when the defendant fails to plead or otherwise defend against the action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered when the default is established "by affidavit or otherwise." *Id.*; *Brown*, 84 F.3d at 141. Finally, upon satisfaction of the first two requirements, a party must move for a default judgment. Fed. R. Civ. P. 55(b); *Brown*, 84 F.3d at 141.

Still, standing alone, a defendant's default does not entitle a plaintiff to a default judgment, as the decision whether to grant a default judgment is within the district court's discretion. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). "Default judgments are a drastic remedy, not favored by the Federal Rules" and are available "only when the adversary process has been halted because of an essentially unresponsive party." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Any doubt as to whether to enter a default judgment must be resolved in favor of the defaulting party. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998); *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-CV-4194, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013).

At the third procedural requisite, the motion for default judgment, courts apply a two-part process to determine whether a default judgment should be entered. *Fed. Election Comm'n v.*

*Defend La. PAC*, No. CV 21-00346, 2022 WL 2911665, at *6 (M.D. La. July 22, 2022). First, a court must consider whether the entry of default judgment is procedurally warranted, that is, whether default judgment is appropriate under the circumstances. *Lindsey*, 161 F.3d at 893. Several factors are relevant to this inquiry, including the following: (1) whether there are material issues of fact; (2) whether there has been substantial prejudice; (3) whether the grounds for default have been clearly established; (4) whether the default was caused by excusable neglect or good faith mistake; (5) the harshness of the default judgment; and (6) whether the court would think itself obliged to set aside the default on a motion by Defendant. *Id.*

Second, courts assess the substantive merits of the plaintiff's claims to determine whether there is a sufficient basis in the pleadings for a default judgment. *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *J&J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015). In doing so, courts are to assume, that due to the defendant's default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *Nishimatsu Constr. Co., Ltd.*, 515 F.2d at 1206. However, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* Consequently, at this second step, the court must review the plaintiff's complaint to determine whether the plaintiff asserts a viable claim for relief. *Id.*; *J&J Sports Prods., Inc.*, 126 F. Supp. 3d at 814. Finally, the court must determine what form of relief, if any, the plaintiff should receive in the case. *Nishimatsu Constr. Co.*, 515 F.2d at 1206; *RLI Ins. Co. v. 2 G Energy Sys., LLC*, 581 F. Supp. 3d 817, 823 (W.D. Tex. 2020).

## III. ANALYSIS

The record reveals Laveaga failed to file an answer after sufficient service and expiration of the appropriate deadline to do so and has otherwise failed to appear in this action.[2] ECF No. 9. As a result, at the request of Plaintiff the Clerk of Court entered an Entry of Default against Laveaga. ECF No. 15. After satisfaction of the first two requisites, Plaintiff filed the instant motion for default judgment. ECF No. 35. Accordingly, Plaintiff satisfied the initial procedural requisites to seek default judgment against Laveaga. *See* Fed. R. Civ. P. 55(a). The Court now applies the two-part test to determine whether a default judgment should be entered.

**A. Procedurally Warranted**

The record reflects that default judgment is procedurally warranted. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Because Laveaga failed to file any responsive pleadings, there are no material facts in dispute and the grounds for default are "clearly established." *See id.*; *see also Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *RLI Ins. Co. v. 2 G Energy Sys., LLC*, 581 F. Supp. 3d 817, 824–25 (W.D. Tex. 2020). Laveaga's failure to respond threatens to prejudice Plaintiff's undisputed interest. *Lindsey*, 161 F.3d at 893; *RLI Ins. Co.*, 581 F. Supp. 3d at 824–25. Finally, nothing before the Court indicates that Laveaga's silence is the result of a good faith mistake or excusable neglect. *Lindsey*, 161 F.3d at 893.

For these reasons, the Court finds that default judgment is procedurally warranted. But there must also be a sufficient basis in the pleadings for the judgment, which the Court considers below. *See RLI Ins. Co.*, 581 F. Supp. 3d at 824–25.

[2] Because Laveaga was already in default when Plaintiff filed the Amended Complaint (ECF No. 22) and the amended pleading did not raise any new claim, Plaintiff was not obligated to serve the amended pleading in accordance with Fed. R. Civ. P. 4. *See In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d 576, 593–94 (5th Cir. 2014) (explaining that Fed. R. Civ. P. 5(a)(2) does not require that a party in default be served with a pleading unless that pleading asserts a new claim for relief).

**B. Sufficient Basis in the Pleadings**

Due to the entry of default, Laveaga is deemed to have admitted the well-pleaded allegations outlined in the Amended Complaint (ECF No. 22). *See Nishimatsu Constr.*, 515 F.2d at 1206. Nonetheless, the Court must review the pleadings to determine whether Plaintiff pleads a sufficient basis for his claims for relief under Fed. R. Civ. P. 8. *See id*; *see also Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 497 (5th Cir. 2015) (explaining that, in determining whether there is "a sufficient basis in the pleadings" for a default judgment "supported by well-pleaded allegations," the Fifth Circuit "draw[s] meaning from the case law on Rule 8, which sets forth the standards governing the sufficiency of a complaint").

**1. 47 U.S.C. § 227(c)[3]**

Section 227(c) of the TCPA grants the Federal Communications Commission ("FCC") rulemaking authority to "protect residential telephone subscriber's privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1). This subsection creates a private right of action for a "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations" promulgated by the FCC. *Id.* § 227(c)(5). The FCC regulation that Plaintiff invokes, 47 C.F.R. § 64.1200(d), requires telemarketers to have or maintain a procedure for maintaining a do-not-call list. The regulation further provides that "[a] do-not-call request must be honored for 5 years from the time the request is made." 47 C.F.R. § 64.1200(d)(6).

Plaintiffs suing under the TCPA and associated regulations may "allege either direct liability by showing that the defendant initiated the offending telemarketing calls, or vicarious

[3] Although Plaintiff asserts separate claims under 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d), § 227(c)(5) only provides a private cause of action for regulatory violations. Thus, the Court combines its analysis regarding whether there is a sufficient basis for granting default judgment as to 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d).

liability by showing that an entity in an agency relationship with the defendant initiated the calls." *See Ortega v. DiTommaso Inc.*, No. 5:24-CV-00369-JKP, 2025 WL 440278, at *5 (W.D. Tex. Feb. 6, 2025). Direct liability is limited to circumstances where the defendant physically places the alleged violative telephone call. *See Cunningham v. Lifestyles Dev., LLC*, No. 4:19-CV-00006-ALM-CAN, 2019 WL 4282039, at *3–4 (E.D. Tex. Aug. 8, 2019) (recommendation of Mag. J.) *adopted by* 2019 WL 4277507 (E.D. Tex. Sept. 10, 2019). In contrast to his TCPA claim against the entity defendant, Plaintiff's claim against Laveaga rests on a theory of direct liability. *See* ECF No. 30 at 1–4; ECF No. 35 at 4.

Plaintiff's well-pleaded allegations do not provide a sufficient basis for finding Laveaga directly liable under 47 U.S.C. § 227(c)(5). Plaintiff's allegations demonstrate that Laveaga initiated only one phone call to Plaintiff after Plaintiff asked to be placed on Powur's internal do-not-call list—the scheduled follow-up call on May 7, 2025. ECF No. 22 ¶ 24; *see also* ECF No. 35-1 at 2–3 (Plaintiff admitting in his own declaration that Laveaga placed one call out of the 19 telemarketing calls underlying his request for default judgment). Under the TCPA's plain language, Laveaga cannot be held liable for making only one allegedly violative phone call. *See* 47 U.S.C. § 227(c)(1)(5) (creating a private right of action only when a plaintiff receives "more than one" call in violation of TCPA); *see also Pinn v. Cyclebar Franchising, LLC*, No. 3:23-cv-01540-M, 2023 WL 8374749, at *3 (N.D. Tex. Dec. 4, 2023) (finding plaintiff did not plausibly allege a violation of the TCPA where she only alleged receipt of one message).

Because Laveaga's default establishes that he initiated only one call to Plaintiff, there is not a sufficient basis for holding Laveaga liable under 47 U.S.C. § 227(c)(5) for violating the underlying TCPA regulation codified at 47 C.F.R. § 64.1200(d).

**2. Texas Business and Commerce Code § 305.053 Claim**

Plaintiff brings a claim under Texas law based on his allegations that Laveaga violated 47 U.S.C. § 227(c). ECF No. 22 ¶¶ 53–58. In relevant part, the state statute provides:

> A person who receives a communication that violates 47 U.S.C. § 227, a regulation adopted under that provision, or Subchapter A [*i.e.*, Texas Business and Commerce Code § 305.001 et seq.] may bring an action in this state against the person who originates the communication for: (1) an injunction; (2) damages in the amount provided by this section; or (3) both an injunction and damages.

Tex. Bus. & Com. Code § 305.053(a). Because the Court has already found that there is not a sufficient basis in the pleadings for a violation of 47 U.S.C. § 227(c), the Court also finds that Plaintiff fails to plead sufficient facts under Rule 8 to support a default judgment on his Section 305.053 claim. *See Pinn*, 2023 WL 8374749, at *2 (explaining that "[i]t is axiomatic that if no violation of the TCPA exists, then there is no violation of [Texas Business and Commerce Code] § 305.053" and collecting cases finding that violations of the TCPA and Tex. Bus. & Com. Code § 305.053 are "coextensive").

Accordingly, the Court denies default judgment against Laveaga on Plaintiff's Tex. Bus. & Com. Code § 305.053 claim.

**3. Texas Business and Commerce Code § 302.101 Claim**

Plaintiff also brings a claim under Section 302.101 of the Texas Business and Commerce Code. ECF No. 22 ¶¶ 44–52. This provision makes it a violation for "a seller" to "make a telephone solicitation . . . to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101. Section 302.001 defines a "seller" as "a person who makes a telephone solicitation on the person's own behalf." *Id.* § 302.001(5). The statute distinguishes a "seller" from a "salesperson," defining the latter as "a person who is employed or authorized by a seller to make

a telephone solicitation." *Id.* § 302.001(4). The registration requirement under Section 302.101 applies to sellers, not to salespersons. *See Clewett v. Coverage One Ins. Grp., LLC*, No. 4:23-CV-04461, 2024 WL 1962895, at *2 (S.D. Tex. May 3, 2024) ("Section 302.101's registration requirement is clear and unambiguous: it applies only to a seller . . . Section 302.101 does not apply . . . to a person who makes a telephone solicitation on behalf of someone else.").

Plaintiff does not allege that Laveaga is a "seller" within the meaning of Section 302.101. Instead, Plaintiff alleges that Laveaga acted as Powur's agent, and that he participated in Powur's alleged telemarketing scheme by placing solicitation calls on Powur's behalf. *See* ECF No. 22 ¶ 13 ("At all relevant times, Laveaga acted as an agent of Powur, placing telemarketing calls into Texas on its behalf."); ECF No. 22 ¶ 50 (Plaintiff alleging that Powur was the "principal directing the [telemarketing] campaign" and that Laveaga was the "agent executing it"). In other words, Plaintiff alleges that Laveaga is a "salesperson" under Section 302.101. Tex. Bus. & Com. Code § 302.001(4); *Clewett*, 2024 WL 1962895, at *2. Thus, the operative pleading does not provide a sufficient basis for the Court to find Laveaga liable under Section 302.101, and the Court denies default judgment.

**IV. DISMISSAL OF CLAIMS AGAINST DEFAULTING DEFENDANT**

The Court previously notified Plaintiff that it intends to dismiss all claims against both defendants and to grant judgment for all defendants, including the defaulting defendant. *See* ECF No. 29 at 10–11. Despite having the chance to respond and present arguments for why this case should proceed, Plaintiff has failed to establish the existence of any viable claim against the defaulting defendant. *See* ECF Nos. 30, 35. Accordingly, in addition to denying default judgment, the Court will *sua sponte* dismiss all claims asserted against the defaulting defendant. *See Brown v. City of Cent.*, No. 23-30146, 2024 WL 546340, at *9 (5th Cir. Feb. 12, 2024) (per curiam)

(affirming district court's denial of default judgment and *sua sponte* dismissal of claims against defaulting defendant).

The Court has employed a fair procedure before dismissing these claims, given that Plaintiff received notice of the Court's intention to dismiss claims against the defaulting defendant, as well as a sufficient opportunity to respond. *See Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 642 (5th Cir. 2007) ("We have held that a district court is authorized to consider the sufficiency of the complaint on its own initiative. And if the court finds the complaint fails to state a claim, it may dismiss as long as the procedure employed is fair.") (internal citations and quotations omitted); *see also Brown*, 2024 WL 546340, at *9 (finding that the objection period following the magistrate judge's report and recommendation constituted a "fair procedure" before the district court *sua sponte* dismissed claims against defaulting defendant).

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Default Judgment Against Defendant Jose Daniel Laveaga (ECF No. 35). The Court further **ORDERS** that all claims asserted against Defendant Jose Daniel Laveaga are dismissed with prejudice. By separate document, the Court will issue a final judgment pursuant to Fed. R. Civ. P. 58 as to all claims and defendants.

**SIGNED this 17th day of November 2026.**

Jason Pulliam

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**